UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LARRY HARPSTER, <u>et al.</u>, | ) | CASE NO. 1:06 CV 1347 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ASHLAND COUNTY PROSECUTOR, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

On June 1, 2006, <u>pro se</u> plaintiffs Larry Harpster and Janice Harpster filed this action against the Ashland County Prosecutor. In the complaint, plaintiffs object to the judgments in at least three cases in the Ashland County, Ohio courts. They request that criminal charges be brought against two state court judges, five law enforcement officers, a private towing company, two of their neighbors, and a probation department secretary. The plaintiffs also filed an Application to Proceed <u>In Forma Pauperis</u>. That Application is granted.

**<u>Background</u>**

Mr. and Mrs. Harpster own a residence located at 190 U.S. Route 250E in Rowsburg, Ohio. They purchased an adjacent property located at 192 U.S. Route 250, Rowsburg, Ohio in 1997 with a loan from Banc One Mortgage Company. A driveway separates the two properties. In 2003, the mortgage holder filed a foreclosure action against the Harpsters. Judgment

was issued in favor of the mortgage company and the property at 192 U.S. Route 250 was sold at sheriff's sale to Joseph and Susan White.

At this point in the pleading, the facts become more difficult to decipher. It appears that a dispute arose between the Harpsters and the Whites. The Whites filed an eviction action in the Ashland Municipal Court claiming that the Harpsters were still in possession of the property at 192 U.S. Route 250 without the benefit of a lease and were refusing to vacate the property. Although the complaint does not affirmatively state the outcome of these proceedings, it is evident from the events that followed that the eviction action was settled in favor of the Whites. The Harpsters continue to maintain the residence at 190 U.S. Route 250E.

The Whites and the Harpsters also disputed the ownership of the driveway between the two lots, which appears to provide access to both the Whites' garage and the Harpsters' barn. The Whites filed another action in the Ashland County Court of Common Pleas seeking declaratory judgment and a permanent injunction. Judgment was entered in favor of the Whites and the Harpsters were permanently enjoined from interfering with, occupying, or trespassing on any portion of the Whites' property, including the driveway. The Whites were also given permission to erect a fence separating the Harpsters house from the driveway. Mr. Harpster contends that the fence makes it impossible for him to drive his vehicle to the barn in back of his house.

Mr. Harpster then alleges that he was arrested in 2004 and charged with menacing and resisting arrest. Those charges arose from an incident with another neighbor, Eric Lytle. Mr. Harpster allegedly threatened to injure Mr. Lytle because Mr. Lytle killed several of Mr. Harpster's cats. Law enforcement officials were summoned after Mr. Harpster entered onto Mr. Lytle's property and refused to leave when asked to do so. Mr. Harpster allegedly refused to cooperate

with the sheriff's deputies, assaulted one of the officers and was eventually subdued by a taser. He was convicted of the charges on August 25, 2004 and sentenced to 120 days in jail, with 90 of those days being suspended. A $ 300.00 fine was also imposed. Mr. Harpster alleges that he has not been able to pay the fine.

Finally, the Harpsters include allegations pertaining to a probate estate. They contend that the list of the decedent's assets was deficient. It is not clear whether either of the Harpsters are beneficiaries of the estate.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, while the Ashland County Prosecutor is named in the complaint caption as the defendant, there are no allegations or legal claims against this individual. He or she is not mentioned at all in the body of the pleading. It appears likely that the plaintiffs brought their

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

complaint against the prosecutor because they are seeking criminal prosecution of individuals involved in the property and neighborhood disputes. As the only relief requested in the pleading, they state, "I [sic] now ask that the criminal charges be brought against the following people; (1) Judge Deborah E. Woodward...(2) Sheriff E. Wayne Risner...(3) Captain Carl L. Richert II...(4) Capt. Mike Kyle for Sgt Don Sims Dept Aaron Cline...(5) Ken & Sons Towing, Joseph White, Susan White... Judge Jacob M. Fridline...(6) Carolyn Marenchin probation secretary... ." (Compl. at 5.) Criminal actions in the federal courts, however, are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). Neither this court nor the Ashland County Prosecutor can institute federal criminal proceedings. This court is simply unable to grant the relief requested by plaintiffs.

Furthermore, even if the plaintiffs were seeking to pursue some sort of civil action against the Ashland County Prosecutor, they have failed to state a claim upon which relief may be granted. They provide a short narrative of facts and then conclude their pleading by reminding the court that they are not attorneys. They fail to identify any particular legal theory upon which they seek to base their claims. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro

se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.  Moreover, the plaintiffs failure to identify a particular legal theory in their complaint places an unfair burden on the defendant to speculate on the potential claims that the plaintiffs may be raising against him or her and the defenses he or she might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which plaintiffs intend to base a civil action.

## Conclusion

Accordingly, plaintiffs' Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: October 20, 2006            s/   James S. Gwin
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.